UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MCCURDY,<br>　　　　Petitioner,<br>　　v.<br>DAVE DAVEY, Warden,<br>　　　　Respondent. | Case No. 16-cv-006961 BLF (PR)<br><br>**ORDER GRANTING MOTION TO REOPEN ACTION; LIFTING STAY; DIRECTING RESPONDENT TO SHOW CAUSE**<br><br>(Docket No. 31) |

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. The Court granted in part Respondent's motion to dismiss two claims as untimely and granted Petitioner an opportunity to file a motion to stay the instant action while he exhausted the remaining claim. (Docket No. 23.) On July 13, 2017, the Court granted Petitioner's request to stay the action, and ordered the case administratively closed pending the stay of this action. (*Id.*) Petitioner was directed to notify the Court within twenty-eight days of the California Supreme Court's decision denying him relief to reopen this action by filing a motion to reopen this action. (*Id.*)

Petitioner has filed a motion to reopen this action, stating that he has been notified

1

by his appellate attorney and the supreme court that his appeal has been "affirmed." (Docket No. 31.) Good cause appearing, the motion will be granted and the stay lifted.

The operative petition in this action is the amended petition filed on June 23, 2017. (Docket No. 28.) The sole claim is ineffective assistance of counsel in connection with the revocation of Petitioner's probation on June 4, 2014. (Am. Compl. at 6-7; Docket No. 9 at 2.) Respondent concedes that the claim is timely. (Docket No. 23 at 5.) Accordingly, briefing shall proceed as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Good cause appearing, Petitioner's motion to reopen this action is **GRANTED**. (Docket No. 31.) The stay is hereby **LIFTED**. The Clerk shall reopen the case.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued based on claim presented in the amended petition. (Docket No. 28.) Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court

2

and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 31.

**IT IS SO ORDERED.**

DATED: January 25, 2019

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Reopen; Lifting Stay; OSC
P:\PRO-SE\BLF\HC.16\00696McCurdy_reopen&osc.docx