UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MCCURDY,<br>Petitioner,<br>v.<br>DAVE DAVEY, Warden,<br>Respondent. | Case No. 16-00696 BLF (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY; DIRECTIONS TO CLERK** |

Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation of his probation. Dkt. No. 1. After the Petition was dismissed in part, *see* Dkt. No. 23, Respondent filed an answer on the merits ("Answer"). Dkt. No. 35. Petitioner filed a traverse ("Traverse"). *See* Dkt. No. 47 (titled "Denial and Exception"). For the reasons set forth below, the Petition is **DENIED**.

**I. BACKGROUND**

On July 11, 2011, Petitioner pleaded no contest to felony transportation of a controlled substance. *See* Dkt. No. 17-1, Ex. A at 153:23. A seven-year suspended sentence was imposed, and Petitioner was placed on five years' probation. *See* Dkt. No. 17-1, Ex. B at 165:21-25. On June 4, 2014, Petitioner's probation was revoked and he was

committed to prison for seven years. *See* Dkt. No. 17-1, Ex. D at 3:15-18.

Petitioner did not appeal the revocation of his probation. Instead, Petitioner filed a petition for resentencing in Sonoma County Superior Court, as well as habeas petitions in Sonoma County Superior Court, the California Court of Appeal for the First Appellate District, and the California Supreme Court. *See generally*, Dkt. No. 17-1, Exs. E-I. Each of the state-court petitions was denied. *See generally*, *id*. The Sonoma County Superior Court summarily stated that Petitioner's petition for resentencing was denied because the defendant was not eligible, and Petitioner's habeas petition was denied because "no issues of merit [were] raised." Dkt. No. 17-1, Ex. F. The California Court of Appeal and California Supreme Court denied Petitioner's habeas petitions without comment. *See* Dkt. No. 17-1, Exs. G, I.

When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state court decision is objectively reasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This "[i]ndependent review is not a de novo review of the constitutional issue, but rather, the only method by which [a federal court] can determine whether a silent state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Accordingly, this Court will conduct an independent, but still deferential, review of the record.

Petitioner filed the instant habeas petition on February 11, 2016. *See* Dkt. No. 1 ("Original Petition"). The Original Petition stated four claims, which the Court found cognizable and served on Respondent. *See* Dkt. No. 9. Respondent moved to dismiss the Original Petition as untimely and unexhausted. *See* Dkt. No. 17. The Court found that

three of Petitioner's claims were untimely, and dismissed those claims. *See* Dkt. No. 23. The Court ordered Petitioner to file an amended petition stating only the surviving claim: that Petitioner received ineffective assistance of counsel during probation revocation proceedings. *See id.* at 7. Petitioner timely amended, *see* Dkt. No. 28 ("Operative Petition"), and the Court stayed proceedings so that Petitioner could exhaust the ineffective assistance claim, *see* Dkt. No. 30. Following a motion from Petitioner, the Court reopened proceedings on January 25, 2019. *See* Dkt. No. 32.

## II. STATEMENT OF FACTS

In the absence of a reasoned state court opinion, the following facts are taken from the Operative Petition, the exhibits attached to the Original Petition, and the exhibits attached to Respondent's motion to dismiss and Answer. Unless otherwise specified, the facts are given in chronological order.

On July 11, 2011, in Napa County, Petitioner pleaded no contest to felony transportation of a controlled substance. *See* Dkt. No. 17-1, Ex. A at 153:23. A seven-year suspended sentence was imposed, and Petitioner was placed on five years' probation. *See* Dkt. No. 17-1, Ex. B at 165:21-25.

On October 31, 2013, Petitioner's case was transferred to Sonoma County. *See* Dkt. No. 17-1, Ex. C. The transfer appears to have been requested on the basis that petitioner had moved to Santa Rosa. *See id.* at 354:4-6. In the Operative Petition, Petitioner argues that this transfer "breached [his] plea agreement." Operative Pet. at 6. However, Petitioner was present at the transfer hearing, and responded to the transfer by saying, "Awesome. Thank you." Dkt. No. 17-1, Ex. C at 354:26.

On January 15, 2014, after the transfer was completed, the Sonoma County Superior Court ("Sonoma Court") summarily revoked Petitioner's probation. *See* Dkt. No. 36, Ex. L at 3, Ex. P at 2. Petitioner had been "convicted of a new crime in Napa County" and "had been charged with a new crime in Sonoma County." Dkt. No. 36, Ex. P at 2.

Case No. 18-01446 BLF (PR)
ORDER DEN. PET. FOR WRIT OF HABEAS CORPUS; DEN. CERTIFICATE OF APPEALABILITY

3

Subsequently, the Sonoma Court held four hearings concerning the revocation of Petitioner's probation. At the first, held April 8, 2014, Petitioner's counsel requested additional time to conduct settlement discussions with the prosecution. *See* Dkt. No. 36, Ex. M. The Sonoma Court informed petitioner that he had a right to a "probation hearing in a reasonable time," and asked if Petitioner agreed to waive that right in favor of a one-week extension. *Id*. In the Traverse, Petitioner argues that the extension of time violated his rights. *See* Traverse at 3. However, during the April 8, 2014 hearing, the Sonoma Court directly asked Petitioner if he agreed to waive his rights and consented to an extension of time, and Petitioner directly informed the Sonoma Court that he did so agree. *See* Dkt. No. 36, Ex. M.

At the second hearing, held April 15, 2014, the prosecution requested an extension of time to review Petitioner's file and conduct settlement discussions. *See* Dkt. No. 36, Ex. N. Petitioner's counsel stated that Petitioner was "prepared to give the People as much time as it takes to have a thoughtful discussion." *Id*. at 3:26-27; *see also id.* at 5:3-5 ("I'm trying to find a way not to waste anyone's time and have a thoughtful discussion, however that needs to happen."). Petitioner was again asked directly by the Sonoma Court whether he agreed to waive his right to a speedy probation hearing, and again directly informed the Sonoma Court that he so agreed. *See id.* at 5:23-27.

At the third hearing, held April 29, 2014, Petitioner's counsel admitted that Petitioner had violated probation. *See* Dkt. No. 36, Ex. O. The Sonoma Court spoke to Petitioner directly, and informed Petitioner that he was entitled to a hearing in which the prosecution had "to prove by a preponderance of the evidence . . . that [Petitioner was] in violation of probation." *Id*. at 2:22-25. The court informed Petitioner that he had a right to testify at such a hearing, and to test the evidence against him. *See id*. Petitioner informed the Sonoma Court that he understood and waived those rights. *See id*. at 3:3-5. The Sonoma Court found this waiver to be "knowing, voluntary, and intelligent," and accepted

Petitioner's admission that Petitioner had "failed to be of good conduct and obey all laws." *Id*. at 3:2-15. The Sonoma Court observed that the violation was based on Petitioner's conviction of a misdemeanor. *Id*. at 3:16-17 (The Court: "This misdemeanor, is that the basis of the violation?" Prosecution: "It is, Your Honor."). The Sonoma Court then referred the matter to the Sonoma County probation department for a supplemental sentencing report. *See id*.

The Sonoma County probation department provided its supplemental sentencing report on May 28, 2014. *See* Dkt. No. 36, Ex. P at 5. The report noted that, among other violations of the probation imposed in 2011, Petitioner had been "convicted of a misdemeanor violation of Section 69 PC in Napa County on 01/30/14." *Id*. at 3. As punishment for this conviction, Petitioner "served 120 days in jail and was granted summary probation." *Id*. at 3. The report concluded that Petitioner's "compliance on probation has been dismal," and recommended the Sonoma Court revoke probation. *Id*. at 3, 5.

The fourth hearing was held June 4, 2014, after the probation department provided its report. *See* Dkt. No. 17-1, Ex. D (noting that the court had "read and considered the probation report"). The transcript from that hearing shows that Petitioner's counsel asked the Sonoma Court to impose "an alternative sentence besides state prison," and suggested that Petitioner be released on his own recognizance. *See id*. at 2:12-22. The Sonoma Court denied both requests and revoked probation. *Id*. at 3.

### III. DISCUSSION

**A.** <u>**Legal Standard**</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The writ may not be granted with

respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir.), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. A federal habeas court

making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

**B.** <u>**Analysis**</u>

As explained above, Petitioner has only one claim in the Operative Petition: that counsel rendered ineffective assistance during probation revocation proceedings. *See generally*, Operative Pet. Specifically, Petitioner argues that his counsel was ineffective in advising Petitioner to admit to violating probation, *see id*. at 6, and in not "even attempt[ing] to compromise with the Sonoma County Court [at the] probation hearing" Traverse at 1.

Petitioner must establish two things in order to prevail on a Sixth Amendment ineffectiveness of counsel claim. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Wash.*, 466 U.S. 668, 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id*

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies." *Id.* at 697; *Williams v. Calderon*, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995) (applauding district court's refusal to consider whether counsel's conduct was deficient after determining that petitioner could not establish prejudice), *cert. denied*, 516 U.S. 1124 (1996).

**1. Counsel was not ineffective in his attempts to negotiate.**

Petitioner's argument that counsel "didn't even attempt to compromise with the Sonoma County Court [at the] probation hearing," Traverse at 1, is belied by the record.

Case No. 18-01446 BLF (PR)
ORDER DEN. PET. FOR WRIT OF HABEAS CORPUS; DEN. CERTIFICATE OF APPEALABILITY

7

The transcript of the first hearing before the Sonoma Court reveals that counsel requested, and was granted, a continuance "to have a settlement discussion about" Petitioner's probation. Dkt. No. 36, Ex. M at 2:11-12. At the second hearing, counsel twice stated that he and the prosecution "need[ed] to continue our conversation" and to "continue our discussion." Dkt. No. 36, Ex. N at 2:10-13. That the "discussion" or "conversation" with the prosecution needed to be "continue[d]" suggests that counsel had already begun settlement talks with the prosecution. Indeed, Petitioner's own statements show that his counsel attempted to negotiate with the prosecution; Petitioner states that he agreed to a continuance at the second hearing because "we were trying to compromise." Traverse at 2. The record and Petitioner's own description of events thus show that counsel *did* attempt to negotiate with the prosecution, but in the end was unsuccessful.

To the extent Petitioner intends to challenge the failure to secure a plea deal, Petitioner's claim fails because the failure to secure a plea deal does not constitute ineffective assistance of counsel. The United States Supreme Court has stated that, "[i]f no plea offer is made, or a plea deal is accepted by the defendant but rejected by the judge, the issue [of ineffective assistance of counsel] simply does not arise." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012); *see also United States v. McCall*, No. C 00-00505 WHA, 2014 WL 2581353, at *3 (N.D. Cal. June 9, 2014) (explaining that the requirement for effective advice from counsel only attaches to formal plea offers). This is because "defendants have 'no right to be offered a plea . . . nor a federal right that the judge accept it.'" *McCall*, 2014 WL 2581353, at *3 (quoting *Missouri v. Frye*, 566 U.S. 134, 148 (2012)).

To the extent Petitioner intends to claim that counsel was ineffective because he did not accurately predict that the Sonoma Court would revoke probation, Petitioner's claim fails. It is well-settled that an attorney's incorrect prediction as to the likely sentence following a guilty plea does not amount to erroneous advice, or satisfy the deficiency prong of *Strickland*, simply because the trial court ultimately imposed a different sentence.

*Womack v. Del Papa*, 497 F.3d 998, 1002-02 (9th Cir. 2007) (distinguishing *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986)).

Because the record is clear that counsel attempted to negotiate with the prosecution, Petitioner has not established that counsel was ineffective.

**2. Petitioner was not prejudiced by admitting he violated probation.**

Petitioner's argument that counsel should not have advised Petitioner to admit the probation violation does not demonstrate prejudice, because as Petitioner concedes in the Operative Petition, he in fact violated probation. *See* Operative Pet. at 6 ("I violated probation . . . .").

First, it is apparent from public records that Petitioner violated probation. Court records show that Petitioner was convicted of at least one misdemeanor after Petitioner was granted probation, and before the Sonoma Court held the probation revocation proceedings at issue here. *See* Napa Cty. Super. Ct. Case Nos. CR-169183 (on January 30, 2014, Petitioner pleaded guilty to a violation of the California Penal Code, for obstructing or resisting an officer), CR-163036 (on October 24, 2012, Petitioner pleaded guilty to a misdemeanor violation of the California Vehicle Code, for driving under the influence of alcohol and with a suspended license).[1] Petitioner's conviction for obstructing or resisting an officer was noted in the probation report, *see* Dkt. No. 36, Ex. P at 2, and the prosecution expressly cited that conviction as a basis for revoking probation, *see* Dkt. No. 17-1, Ex. D at 3:7-8. Because Petitioner was convicted of resisting or obstructing a police officer while Petitioner was on probation, and because the record of this conviction is publicly available, the only practical difference Petitioner's admission made to the probation revocation proceedings is that it saved the prosecution the effort of introducing

---

[1] The Court takes judicial notice of the Napa County court docket. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Case No. 18-01446 BLF (PR)
ORDER DEN. PET. FOR WRIT OF HABEAS CORPUS; DEN. CERTIFICATE OF APPEALABILITY

9

court records to prove up Petitioner's probation violation. Accordingly, Petitioner has not established that he was prejudiced by this admission.

Second, although Petitioner argues that he was inappropriately advised to admit to two probation violations, *see* Traverse at 1 (arguing that the failure to complete a drug treatment program did not constitute a second violation of probation), Petitioner does not explain how this would have made a difference to the probation revocation proceedings. Petitioner does not cite any case law that suggests he would have been entitled to remain on probation if he violated the conditions of probation only once, and the Court is unaware of any case law that allows a probationer one "free pass." It therefore appears to the Court that any admission to two probation violations did not prejudice Petitioner.

Moreover, Petitioner did not actually admit to two probation violations on the record. The Sonoma Court did not ask Petitioner whether Petitioner had violated probation more than once. Instead, Petitioner was asked: "do you admit that you violated your probation in that you failed to be of good conduct and obey all laws?" Dkt. No. 36, Ex. O at 3:10-12. Petitioner answered "Yes, sir." *Id*. at 3:13. And as noted, supra, the Sonoma Court believed this admission was based on only one probation violation: Petitioner's misdemeanor conviction. *See id*. at 3:16-17 (The Court: "This misdemeanor, is that the basis of the violation?" Prosecution: "It is, Your Honor."). As Petitioner appears to concede that he violated probation at least once, *see* Operative Pet. at 6, and court records reveal that Petitioner was convicted of a crime while on probation, and the Sonoma Court believed Petitioner's admission was based on this single conviction, *see supra*, Petitioner's admission that he "failed to be of good conduct and obey all laws" is true even if the alleged second probation violation is disregarded.

For these reasons, Petitioner has failed to show that there is a reasonable probability the Sonoma Court would have permitted him to remain on probation, but for counsel's alleged errors.

Because counsel was not ineffective in negotiations with the prosecution, and because Petitioner has not shown he was prejudiced by admitting to two probation violations rather than to one, Petitioner has failed to demonstrate that he is entitled to habeas relief.

### IV. CONCLUSION

After a careful review of the record and pertinent law, the Court concludes that the Operative Petition must be **DENIED**.

Further, a Certificate of Appealability is **DENIED**. *See* Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions, enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED**.

Dated: January 2, 2020

_____
BETH LABSON FREEMAN
United States District Judge